Wright agt. Rowland.

———•••———

### SUPREME COURT.

HIRAM WRIGHT, administrator, &c. agt. MARY A. ROWLAND.

The pendency of an *appeal* by the plaintiff, from a judgment, does not affect the rights of the defendant to have an attachment against his property discharged.

*New York General Term, June,* 1868.

*Before* BARNARD, *P. J.,* SUTHERLAND *and* CARDOZO, *Justices.*

JUDGMENT in this action was entered at special term, for plaintiff on report of referee, from which judgment plaintiff appealed to the general term.

Attachment was issued against the defendant for about ten thousand dollars, under which property worth about nine thousand dollars was attached; after a trial on the merits judgment was rendered for the plaintift for $528.79.

Thereupon, for the purpose of relieving her property, defendant offered to pay the judgment, or to give an undertaking in $1,500, and moved to set aside and discharge the attachment.

The motion was denied by Judge INGRAHAM, in these words: " There must be a judgment which is final and con-

clusive between the parties; where there is an appeal the rule does not apply."

Defendant appeals from the order.

ALFRED ROE, *for defendant, appellant.*

*First.* The judgment rendered in the action is a final judgment and also conclusive between the parties.

The pendency of an appeal does not affect either its finality or conclusiveness.

A judgment as defined by the Code, is "the final determination of the rights of the parties to the action." (*Code,* § 245.)

In an action brought on this judgment, it would be conclusive against both parties, notwithstanding the pendency of an appeal. (*Bowman* agt. *Cornell,* 39 *Barb.* 69.)

The action on which attachment issued is at an end; it was terminated by the judgment.

The authority of the attorney terminated with the judgment. (1 *Burrill's Prac.* 39.)

The institution of the appeal was in effect a new action. (*Pratt* agt. *Allen.* 19 *How.* 456; *McLaren* agt. *Charrier,* 5 *Paige,* 530; *Tendal* agt. *Jones,* 11 *Abb.* 259; *Gormby* agt. *McIntosh,* 22 *Barb.* 273; *Fenno* agt. *Dickinson,* 4 *Denio,* 85.)

*Second.* The attachment is a provisional remedy, and is given in order that the plaintiff may attach the defendant's property "as a security for the satisfaction of such judgment as the plaintiff may recover." (*Code,* § 227.)

The section 237 provides that "the judgment" shall be satisfied out of the property attached by the sheriff before resorting to other property; but the plaintiff is not limited to such property, but may resort to any other property of the defendant.

As a provisional remedy, it must necessarily be affected by the judgment which is rendered in the court out of which

the attachment was issued. If the judgment had been for the defendant, this attachment would have fallen with it.

The necessity for our application to the court arises out of the fact that the plaintiff's claim was not wholly defeated but was reduced.

Are we not entitled to a satisfaction of the judgment on payment of it, so as to release any property on which it is a *lien*.

The pendency of the appeal would furnish no reason for a refusal to give such satisfaction.

If we can thus pay the judgment, to secure which the attachment was issued, we are certainly entitled to have the attachment discharged on payment of such judgment.

*Third.* The court cannot assume its own judgment to be erroneous, and that it will be reversed, but its correctness must be assumed.

On the theory on which the motion was denied, if the judgment be affirmed by the general term on appeal, the court must still assume that the judgment is erroneous, and that it will be reversed by the court of appeals. This is not only unsound, but is productive of great injustice and operates with great hardship.

In this case defendant's property has been attached to the extent of $10,000, and is in possession of sheriff, and notwithstanding the court has judicially determined that the plaintiff is entitled to recover only $528.79, the defendant is to be kept out of her property for seven years, until this case can be carried to the court of appeals and there be determined.

For all the injuries she may sustain, she has no mode of procuring compensation.

The undertaking given by the plaintiff is not only limited to $500, but its conditions do not embrace this species of damage.

Suppose, that instead of an attachment against property, it had been issued against the person, and an order of arrest

granted, bailable in $10,000, and the defendant was in the actual custody of the sheriff under such order for want of bail, could the plaintiff successfully resist an application to discharge from custody on the ground that *non constat* plaintiff might reverse the judgment, and perhaps one of these days obtain a favorable one ?

On the principle on which the plaintiff keeps the defendant's property in custody of sheriff in this case, he would be entitled to retain the property or person of the defendant in such custody, even had the judgment been an absolute judgment in favor of defendant.

*Fourth.* If it be asked what is the plaintiff's remedy if the judgment be reversed, our answers are:

1. That the court cannot assume its own judgment to be erroneous or that it will be reversed.

2. That after such reversal the plaintiff may again apply for a new attachment, the Code giving him the right to issue one at any time during the pendency of the action, and if there be any doubt in regard to that the order might reserve the right.

*Fifth.* The order should be reversed and an order directed to be entered that on payment of the judgment to the plaintiff—or into court if plaintiff refuses to take it, the attachment be discharged without prejudice to plaintiff's right, in case of a reversal of such judgment, to apply for another attachment.

CHAMBERS & POMEROY, *for plaintiff, respondent.*

*First.* The motion to discharge the attachment if grantable at all was addressed to the discretion of the court, and is not appealable.

*Second.* The motion was properly denied upon the merits of the case, as disclosed by the papers used at special term.

*Third.* Defendant has not recovered any judgment against

Wright agt. Rowland.

the plaintiff so as to entitle her to a discharge of the attachment under section 239 of Code.

`Fourth.` As the plaintiff may prevail upon the appeal taken by him from the judgment in his favor, and in that event recover a very much larger sum (for which the security offered by defendant was manifestly insufficient), it could never have been intended in such case to take away during the pendency of the appeal the only security, viz.: the levy of the attachment, for the payment of the ultimate judgment which plaintiff may obtain.

The plaintiff is entitled to be protected by the continuance of the attachment until judgment on appeal be rendered; for until then there has been no final determination of the case between the parties. (*Drake on Attachments*, 3d Ed., § 411; *Danforth* agt. *Carter*, 4 *Iowa*, 230; *Caperton* agt. *McCorkle*, 5 *Grattan*, 177; *Sherrod* agt. *Davis*, 17 *Ala.* 312; see also *Bennett* agt. *Brown*, 31 *Barb*. 158; *Bennett* agt. *Brown*, 20 *N. Y. R.* 99; as to words "*if defendant recover judgment*," under § 230 of *Code*.)

The COURT reversed the order appealed from, and discharged the attachment on defendant paying the amount of the judgment within five days—saying, that "judgment," as defined in the sections of the Code relating to provisional remedies, meant "a final determination of the rights of the parties to the action," and that the pendency of the appeal from the judgment did not affect the rights of the defendant to have the attachment discharged. No written opinion was given.